UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN "JACK" GLADISH,

        Plaintiff,

    v.

WERNER CO., et al.,

        Defendants.

_____/

NO.  CIV. S-11-0932 KJM JFM

STATUS (PRETRIAL SCHEDULING) ORDER

JOHN "JACK" GLADISH,

        Plaintiff,

    v.

LOWE'S COMPANIES, INC.,
DOES 1 to 100, inclusive,

        Defendants.

_____/

NO.  CIV. S-11-1979 KJM JFM

An initial scheduling conference was held in this case on December 7, 2011; Mark Nelson appeared telephonically for plaintiff; Michael Terhar appeared telephonically for defendant.  Having reviewed the parties' Joint Status Report filed on August 29, 2011, and discussed a schedule for the case with counsel at the hearing, the court makes the following orders:

/////

/////

I.      SERVICE OF PROCESS

All named defendants have been served and no further service is permitted without leave of court, good cause having been shown.

II.      ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

No further joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.  *See* FED. R. CIV. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

/////

III.      JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1332.  Jurisdiction and venue are not disputed.

IV.      DISCOVERY

Initial disclosures as required by Federal Rule of Civil Procedure 26(a) shall be completed within forty five days.  All discovery shall be completed by **May 15, 2012**.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court.

V.      DISCLOSURE OF EXPERT WITNESSES

All counsel are to designate in writing, file with the court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **March 8, 2012, for plaintiff; April 9, 2012, for defendant**.  The designation shall be accompanied by a written report prepared and signed by the witness.  The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).  By **May 7, 2012**, any party who previously disclosed expert witnesses may submit a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party, if the party supplementing an expert witness designation has not previously retained an expert to testify on that subject.  The

1   supplemental designation shall be accompanied by a written report which shall also comply with

2   the conditions as stated above.

3       Failure of a party to comply with the disclosure schedule as set forth above in all

4   likelihood will preclude that party from calling the expert witness at the time of trial.  An expert

5   witness not appearing on the designation will not be permitted to testify unless the party offering

6   the witness demonstrates: (a) that the necessity for the witness could not have been reasonably

7   anticipated at the time the list was proffered; (b) that the court and opposing counsel were

8   promptly notified upon discovery of the witness; and © that the witness was promptly made

9   available for deposition.

10      For purposes of this scheduling order, an "expert" is any person who may be used at trial

11  to present evidence under Rules 702, 703, and 705 of the Federal Rules of Evidence, which

12  include both "percipient experts" (persons who, because of their expertise, have rendered expert

13  opinions in the normal course of their work duties or observations pertinent to the issues in the

14  case) and "retained experts" (persons specifically designated by a party to be a testifying expert

15  for the purposes of litigation).  Each party shall identify whether a disclosed expert is percipient,

16  retained, or both.  It will be assumed that a party designating a retained expert has acquired the

17  express permission of the witness to be so listed.  Parties designating percipient experts must

18  state in the designation who is responsible for arranging the deposition of such persons.

19      All experts designated are to be fully prepared at the time of designation to render an

20  informed opinion, and give their bases for their opinion, so that they will be able to give full and

21  complete testimony at any deposition taken by the opposing party.  Experts will not be permitted

22  to testify at the trial as to any information gathered or evaluated, or opinion formed, after

23  deposition taken subsequent to designation.  All expert discovery shall be completed by May 15,

24  2012.

25  VI.   <u>MOTION HEARING SCHEDULE</u>

26      All dispositive motions, except motions for continuances, temporary restraining orders or

27  other emergency applications, shall be heard <u>no later than</u> **June 22, 2012.**  The parties may

28  /////

1   obtain available hearing dates by calling Casey Schultz, the Courtroom Deputy, at (916) 930-

2   4193.

3          All purely legal issues are to be resolved by timely pretrial motions.  Local Rule 230

4   governs the calendaring and procedures of civil motions with the following additions:

5                 (a)     The opposition and reply must be filed by 4:00 p.m. on the day due; and

6                 (b)     When the last day for filing an opposition brief falls on a legal holiday, the

7                         opposition brief shall be filed on the last court day immediately preceding

8                         the legal holiday.

9   Failure to comply with Local Rule 230(c), as modified by this order, may be deemed consent to

10  the motion and the court may dispose of the motion summarily. *Brydges v. Lewis*, 18 F.3d 651,

11  652-53 (9th Cir. 1994).

12         The court places a page limit of twenty (20) pages on all moving papers, twenty (20)

13  pages on oppositions, and ten (10) pages for replies.  All requests for page limit increases must

14  be made through the courtroom deputy clerk at least fourteen (14) days prior to the filing of the

15  motion.

16         The parties are reminded that a motion *in limine* is a pretrial procedural device designed

17  to address the admissibility of evidence.  The court will look with disfavor upon dispositional

18  motions presented at the Final Pretrial Conference or at trial in the guise of motions *in limine*.

19         The parties are cautioned that failure to raise a dispositive legal issue that could have

20  been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date

21  may constitute waiver of such issue.

22  VII.    FINAL PRETRIAL CONFERENCE

23         The Final Pretrial Conference is set for **August 16, 2012**, at 11:00 a.m.  At least one of

24  the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial

25  Conference.  If by reason of illness or other unavoidable circumstance a trial attorney is unable

26  to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with

27  the case and equal authorization to make commitments on behalf of the client.

28  /////

1    Counsel for all parties are to be fully prepared for trial at the time of the Final Pretrial

2  Conference, with no matters remaining to be accomplished except production of witnesses for

3  oral testimony.  The parties shall confer and  file a joint pretrial conference statement by **July 26,**

4  **2012**.  The provisions of Local Rule 281 shall apply with respect to the matters to be included in

5  the joint pretrial statement.  In addition to those subjects listed in Local Rule 281(b), the parties

6  are to provide the court with a plain, concise statement that identifies every non-discovery

7  motion tendered to the court and its resolution.

8    Failure to comply with Local Rule 281, as modified by this order, may be grounds for

9  sanctions.

10    Concurrently with the filing of the Joint Final Pretrial Conference Statement, counsel

11  shall submit to chambers the word processing version of the statement, in its entirety (including

12  the witness and exhibit lists) to:  kjmorders@caed.uscourts.gov.

13    The parties shall, in a concise manner, jointly identify only undisputed core facts

14  separately that are relevant to each claim.  Disputed core facts should then be identified in the

15  same manner.  The parties are reminded not to identify every fact in dispute but only those

16  disputed facts that are essential to the formulation of each claim.  Each disputed fact and

17  undisputed fact should be separately numbered or lettered.  Where the parties are unable to agree

18  what are the core disputed facts, they should nevertheless list core disputed facts in the above

19  manner.

20    Each party shall identify and concisely list each disputed evidentiary issue which will be

21  the subject of a party's motion *in limine*.

22    Each party shall identify the points of law which concisely describe the legal issues of the

23  trial which will be discussed in the parties' respective trial briefs.  Points of law should reflect

24  issues derived from the core undisputed and disputed facts.  Parties shall not include argument or

25  authorities with any point of law.

26    The parties shall prepare a joint statement of the case in plain concise language which

27  will be read to the jury at the beginning of the trial.  The purpose of the joint statement is to

28  inform the jury what the case is about.

1    The parties are reminded that pursuant to Local Rule 281 they are required to attach to

2  the Final Pretrial Conference Statement an exhibit listing  witnesses and exhibits they propose to

3  offer at trial.  After the name of each witness, each party shall provide a brief statement of the

4  nature of the testimony to be proffered.  The parties may file a joint list or each party may file

5  separate lists.  These list(s) shall not be contained in the body of the Final Pretrial Conference

6  Statement itself, but shall be attached as separate documents to be used as addenda to the Final

7  Pretrial Order.

8    Plaintiff's exhibits shall be listed numerically.  Defendant's exhibits shall be listed

9  alphabetically.  The parties shall use the standard exhibit stickers provided by the court: pink for

10  plaintiff and blue for defendant.  In the event that the alphabet is exhausted, the exhibits shall be

11  marked "AA-ZZ".  However, if the amount of  defendant exhibits exceeds "ZZ" exhibits shall be

12  then listed as A-3, A-4, A-5 etc.  All multi page exhibits shall be stapled or otherwise fastened

13  together and each page within the exhibit shall be numbered. The list of exhibits shall not

14  include excerpts of depositions, which may be used to impeach witnesses.  In the event that

15  plaintiff(s) and defendant(s) offer the same exhibit during trial, that exhibit shall be referred to

16  by the designation the exhibit is <u>first identified</u>.  The court cautions the parties to pay attention to

17  this detail so that all concerned, including the jury, will not be confused by one exhibit being

18  identified with both a number and a letter.  The parties are encouraged to consult concerning

19  exhibits and, to the extent possible, provide joint exhibits, which shall be designated as JX and

20  listed numerically, e.g., JX-1, JX-2.

21    The Final Pretrial Order will contain a stringent standard for the offering at trial of

22  witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the

23  standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses that a

24  party does not intend to offer will be viewed as an abuse of the court's processes.

25    Counsel shall produce all trial exhibits to Casey Schultz, the Courtroom Deputy, no later

26  than 3:00 p.m. on the Friday before trial.

27    Discovery documents to be listed in the pretrial statement shall not include documents

28  which will be used only for impeachment and in rebuttal.

1    The parties also are reminded that pursuant to Rule 16 of the Federal Rules of Civil

2 Procedure it will be their duty at the Final Pretrial Conference to aid the court in: (a) the

3 formulation and simplification of issues and the elimination of frivolous claims or defenses;

4 (b) the settling of facts that should properly be admitted; and © the avoidance of unnecessary

5 proof and cumulative evidence.  Counsel must cooperatively prepare the joint Final Pretrial

6 Conference Statement and participate in good faith at the Final Pretrial Conference with these

7 aims in mind.[1]  A failure to do so may result in the imposition of sanctions which may include

8 monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other

9 sanctions as the court deems appropriate.

10  VIII.    TRIAL SETTING

11   The trial is set for **September 24, 2012**, at 1:30 p.m..  The parties estimate a trial length

12 of approximately five to seven days.  Trial briefs are due by **September 10, 2012**.

13  IX.    SETTLEMENT CONFERENCE

14   No settlement conference is currently scheduled.  A settlement conference may be set at

15 the time of the Final Pretrial Conference or at an earlier time at the parties' request.  In the event

16 that an earlier settlement conference date or referral to the Voluntary Dispute Resolution

17 Program (VDRP) is requested, the parties shall file said request jointly, in writing.  The parties

18 advised the court they will stipulate to the trial judge acting as settlement judge and waive

19 disqualification by virtue thereof.

20   Counsel are instructed to have a principal with full settlement authority present at any

21 Settlement Conference or to be fully authorized to settle the matter on any terms.  At least seven

22 (7) calendar days before the Settlement Conference, counsel for each party shall submit to the

23 chambers of the settlement judge a confidential Settlement Conference Statement.  Such

24 statements are neither to be filed with the Clerk nor served on opposing counsel.  Each party,

25 /////

26

27    [1] "If the pretrial conference discloses that no material facts are in dispute and that the
undisputed facts entitle one of the parties to judgment as a matter of law," the court may
28 summarily dispose of the case or claims. *Portsmouth Square v. Shareholders Protective Comm.*,
770 F.2d 866, 868-69 (9th Cir. 1985).

1  however, shall serve notice on all other parties that the statement has been submitted.   The

2  parties have waived any conflict to the undersigned serving as settlement judge.

3  X.   OTHER MATTERS

4            The parties notified the court of a related case, just removed from Stanislaus

5  County Superior Court to the Fresno Division of this court.  The case, *Gladish v. Lowe's*

6  *Companies, Inc*., Civ. No. F-11-1979 AWI SKO, involves the same product and injury as alleged

7  in this case.  Accordingly, the assignment of these matters to the same judge is likely to effect a

8  substantial savings of judicial effort and is likely to be convenient for the parties.  The parties

9  agreed that the same schedule can apply to each case.

10            The parties should be aware that relating cases under Rule 123 causes the actions

11  to be assigned to the same judge – it does not consolidate the actions.  Under Rule 123, related

12  cases are generally assigned to the judge and magistrate judge to whom the first filed action was

13  assigned.

14            As a result, it is hereby ORDERED that CIV No. F-11-1979 AWI SKO, is

15  reassigned from Judge Ishii  to the undersigned and from Magistrate Judge Oberto to Magistrate

16  Judge Moulds.  Henceforth, the caption on documents filed in the reassigned case shall be shown

17  as: CIV No. S-11-1979 KJM JFM.

18            It is further ORDERED that the Clerk of the Court make appropriate adjustment

19  in the assignment of civil cases to compensate for this reassignment.

20            The parties have also notified the court that depending on further inquiries

21  plaintiff may dismiss both cases.  The parties are directed to notify the court within thirty days if

22  the cases will be dismissed.

23  XI.   MODIFICATION OF STATUS (PRETRIAL SCHEDULING) ORDER

24            The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil

25  Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court

26  upon a showing of good cause.  Agreement by the parties pursuant to stipulation alone does not

27  constitute good cause.  Except in extraordinary circumstances, unavailability of witnesses or

28  counsel does not constitute good cause.

1   XII.    OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

2            This Status Order will become final without further order of the court unless objections

3   are filed within fourteen (14) *calendar* days of service of this Order.

4            IT IS SO ORDERED.

5   DATED:  December 14, 2011.

6

7                                                        UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28